FILED
2018 MAR 30 PM 1: 37
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN WILLIAMS,

        Plaintiff,

vs.

Case No.: 3:18-cv-432-J-32MCR

MIKE WILLIAMS, in his official capacity
as Sheriff of the Consolidated City of
Jacksonville, Florida; OFFICER R.H. MOELLER,
Individually,

        Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jonathan Williams, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1.  This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendment to the United States Constitution as well as claims under Florida Law.

### JURISDICTION AND VENUE

2.  Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein. The court has supplemental jurisdiction as to the state law claims pursuant to 28 U.S.C. §1367.

3.  Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, Jonathan Williams, is a resident of Jacksonville, Duval County, Florida and a citizen of the United States.

5. Defendant, R.H. Moeller, was, at all times relevant, a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this cause, Defendant Moeller acted in conformity with the customs, practices, and/or policies of the Jacksonville Sheriff's Office and acted under the color of state law.

6. Defendant, Mike Williams, in his official capacity as Sheriff of the City of Jacksonville, Florida, was at all times relevant, responsible for the supervision, training, instruction, discipline, control, and conduct of police officers of the Jacksonville Sheriff's Office and made policy for the Jacksonville Sheriff's Office with respect to seizures, searches, arrests, and use of force. At all times relevant, Defendant Williams had the power, right, and duty to train and control his officers, agents, and employees to conform to the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for the Jacksonville Sheriff's Office were consistent with the Constitution of the United States. At all times relevant, Sheriff Williams' agents and employees acted under color of state of law.

## FACTUAL ALLEGATIONS

7. On Friday, June 23, 2017, at around 6:40 p.m., Plaintiff was driving to his mother's residence in Jacksonville, Florida.

8. As Plaintiff was pulling in, Defendant Moeller initiated a traffic stop, suspecting that Plaintiff's vehicle was stolen.

9. Defendant Moeller approached Plaintiff's car with his gun drawn, and told Plaintiff to get out of the car.

10. Plaintiff put his hands up to surrender to Defendant Moeller.

11. Defendant Moeller placed handcuffs on Plaintiff's left hand.

12. Even though Plaintiff was not resisting, Defendant Moeller punched Plaintiff in the face twice.

13. Defendant Moeller then pulled Plaintiff out of the car and threw him to the ground.

14. While Defendant Moeller held Plaintiff to the ground, Defendant Moeller repeatedly shouted, "stop resisting!"

15. Plaintiff replied, "I'm not resisting!"

16. Defendant Moeller then took out another set of handcuffs and handcuffed Plaintiff's hands behind his back.

17. Defendant Moeller proceeded to place his knee on the back of Plaintiff's head and punched Plaintiff in the back multiple times.

18. Plaintiff called his mother for help, who exited the residence and asked why Defendant Moeller was hitting her son.

19. Another officer tapped Defendant Moeller's shoulder and said, "that's enough," at which point Defendant Moeller stopped hitting Plaintiff.

20. JSO officers then transported to the Duval County Pre-Trial Detention Facility.

21. During booking, Plaintiff was taken to UF Shands Hospital for treatment. The medical providers there diagnosed Plaintiff with fractures in the right orbital wall and left inferior and medial orbital wall of his skull. They also noted soft tissue swelling, hematoma in the back of Plaintiff's head, and that Plaintiff had lost consciousness.

22.     Defendant Moeller's use of force and Plaintiff's injuries were caused by a longstanding practice by JSO of tolerating the use of force against individuals who are not resisting.

23.     In December 2004, a member of the Jacksonville Sheriff's Office slammed Sammy Lee Evans to the ground. Mr. Evans hit his head on the ground as he was slammed by the officer and this resulted in Mr. Evans' death. Mr. Evans was not resisting the arrest, which was for open container of alcohol.

24.     In January 2006, members of the Jacksonville Sheriff's Office broke the right jaw of Bryan Barnes when effectuating his arrest. The JSO members struck Barnes despite the fact that Barnes complied with all of their commands and did not resist the officers while being arrested. *See Barnes v. Sheriff Rutherford, et. al.,* Case No.:3:08-cv-217-J-33JRK (M.D. Fla. Jacksonville Division). There was no JSO investigation of the officers' use of excessive force against Mr. Barnes until prompted by the City of Jacksonville Office of General Counsel sending of a complaint to JSO in January 12, 2011. This complaint and accompanying investigation was made four years after the incident, three years after Mr. Barnes filed a federal lawsuit against the officers involved and Sheriff Rutherford, and nearly two years after said lawsuit was settled. The JSO Internal Affairs Unit concluded as follows relating to Mr. Barnes' incident: "that charge of <u>EXCESSIVE FORCE</u> against Police Lieutenant R. W. Beltz #7862 and Police Officer C. M. Weippert # 7829 be classified as <u>NOT SUSTAINED.</u>

25.     In January 2006, a member of the Jacksonville Sheriff's Office kneed Ronal Ferrera in the face three times while Ferrera was handcuffed.

26.     In October 2007, two members of the Jacksonville Sheriff's Office, along with a civilian "ride along," rammed the head of Colin Runge into a steel door in the intake area of the

jail. At the time, Runge was fully secured and unable to resist the officers as he was in total appendage restraint, otherwise known as being "hog-tied."

27. In January 2008, a member of the Jacksonville Sheriff's Office broke the jaw of Larue Perkins by slamming him to the pavement of a parking lot. At the time, Perkins was complying with the officer's directive to leave the parking area. Perkins was also falsely arrested after having his jaw broken. Perkins filed a written internal affairs complaint with JSO shortly after the January 2008 incident. On January 21, 2011, almost three years after the incident, the JSO Internal Affairs Unit received an "in-house complaint" from the City of Jacksonville's Office of General Counsel regarding the January 2008 incident involving Perkins. The subject matter of the complaint was the JSO officer's excessive use of force against Perkins. The in-house complaint was then investigated by the JSO Internal Affairs Unit which concluded that "the charge of Excessive Force against Police Officer R. J. Tolen #5597 be classified as NOT SUSTAINED."

28. In September 2008, a member of the Jacksonville Sheriff's Office dragged James Lunsford out of a police vehicle while he was handcuffed and dropped Mr. Lunsford on his head, resulting in paralysis to Mr. Lunsford. The officer did so despite Lunsford's prior warning to the officer that Lunsford had 4 screws and a plate in his neck. *See Lunsford v. Rutherford, et. al.*, Case No.:3:09-cv-01015-MMH-MCR (M.D. Fla. Jacksonville Division). Upon information and belief, the incident was referred to JSO Internal Affairs and no disciplinary action was taken against the officer involved.

29. In May 2010, a member of the Jacksonville Sheriff's Office fractured multiple facial bones of David Kemp when the officer violently struck Mr. Kemp as he laid on the ground in compliance with the officer's commands to do so. *See Kemp v. Rutherford et. al.,* Case No.: 3:10-cv-HES-JRK (M.D. Fla. Jacksonville Division). Despite Sheriff Rutherford's actual notice

of Mr. Kemp's incident because of the federal lawsuit filed against him, Sheriff Rutherford failed to conduct an internal affairs investigation into the incident and officer involved and failed to discipline the officer involved.

30. In March 2012, members of the Jacksonville Sheriff's Office questioned Kyle Fowler concerning a stolen vehicle. At the beginning of the questioning, Mr. Fowler was told by the JSO members that he was free to go at any time he chose. After initially agreeing to speak to the officers, Mr. Fowler turned away from the JSO members due to the behavior of the officers and told them he was not interested in speaking anymore, and began to walk towards his gate. As he did so, the JSO members knocked Mr. Fowler through a closed metal gate and onto the ground. The JSO members then rolled Mr. Fowler onto his stomach, drove a knee into his back, and violently pulled his arms behind him to handcuff him and effectuate his false arrest, injuring Mr. Fowler in the process. The charge on which Mr. Fowler was falsely arrested, resisting an officer without violence, was ultimately dismissed. The JSO members involved were not disciplined or reprimanded for their action against Mr. Fowler.

31. In June 2013, a member of the Jacksonville Sheriff's Office violently slammed Robert Slade to the ground causing him to hit his head, teeth, and shoulder, after he was involved in a minor traffic accident. Mr. Slade was merely asking the officer when his insurance information would be taken following an accident when he was forcefully thrown to the ground. Mr. Slade was falsely arrested for resisting an officer without violence in violation of §843.02, Fla. Stat. (2012). The charges against Mr. Slade were dismissed. The JSO member involved was not disciplined or reprimanded for his actions against Mr. Slade.

32. On November 12, 2014, at the Duval County Pretrial Detention Facility, a member of the Jacksonville Sheriff's Office violently slammed Deandre Ezell's head into a concrete wall,

6

while Mr. Ezell was handcuffed. The use of force knocked Mr. Ezell unconscious and resulted in Mr. Ezell's hospitalization. At the time of the incident, Mr. Ezell was a minor. None of the officers involved in the use of force were disciplined or reprimanded.

33. On April 4, 2017, Connell Crooms was participating in a peaceful protest at Heming Park Plaza in Jacksonville Florida, when a counter-protestor reached his arm over the shoulder of a member of the Jacksonville Sheriff's office and stuck his middle finger in Mr. Crooms' face. Rather than apprehend the aggressor, members of the Jacksonville Sheriff's office threw Connell Crooms to the ground, struck him repeatedly in the back and face, and pressed a Taser to his back, all of which caused Mr. Crooms to lose consciousness and require hospitalization. Mr. Crooms is deaf and did not resist or disobey any of the officers' commands.

34. On April 26, 2017, a member of the Jacksonville Sheriff's office spat at Daniel Nyman after exchanging words outside the lobby of UF Health Hospital in Jacksonville, Florida. When Mr. Nyman began to walk away from the officer, the officer threw him to the ground. Mr. Nyman's mother shouted to the officer that Mr. Nyman had a broken jaw, whereupon the officer proceeded to grind Mr. Nyman's jaw into the pavement with his knee. The officer involved in the incident was not disciplined for the use of force against Mr. Nyman.

### COUNT I
### UNREASONABLE SEARCH and SEIZURE: EXCESSIVE FORCE
(Defendant R.H. Moeller)

35. Paragraphs 1 through 34 above are realleged and incorporated by reference herein.

36. Defendant Moeller's use of force that included punching Plaintiff in the face, shoving his knee in the back of Plaintiff's head and striking Plaintiff in the neck and lower back constituted an unreasonable seizure under the Fourth and Fourteenth Amendment of the United States Constitution.

37. The acts and omissions above were undertaken with Defendant Moeller's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff under the law to be free from unreasonable searches and seizures.

38. As a direct and proximate result of Defendant Moeller's seizure, Plaintiff suffered damages, including, but not limited to, severe pain and suffering, physical injuries, monetary loss of earning, and severe emotional and psychological distress.

WHEREFORE, Plaintiff, Jonathan Williams, demands judgment against Defendant Officer R.H. Moeller, individually, for:

(a) actual and compensatory damages;

(b) punitive damages;

(c) an award of attorney's fees and costs; and

(d) any other relief this Court deems just and proper.

## COUNT II
## MUNICIPAL LIABILITY
### (Defendant Mike Williams)

39. Paragraphs 1 through 34 above are realleged and incorporated by reference herein.

40. Defendant Williams, in his official capacity as Sheriff of the City of Jacksonville, his agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in use of excessive force against Plaintiff, as well as his false arrest, which were the moving force causing his injuries and is actionable under 42 U.S.C. §1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. The Sheriff's Office has a widespread custom and practice of using excessive force and falsely arresting citizens, and by failing to discipline its officers for the use of excessive force against Plaintiff, as well as his false arrest, Defendant Williams has ratified his

officers' decisions and reasons for those decisions, thus constituting a practice, custom, or policy. Alternatively, the officers acting on the scene were the final policy makers for the Sheriff's Office, as their decisions were not immediately or effectively reviewable.

41. As a direct and proximate result of the willful and deliberate action or inaction of the Sheriff's Office, Plaintiff has suffered damages, including, but not limited to, severe pain and suffering, physical injuries, and severe emotional and psychological distress.

WHEREFORE, Plaintiff, Jonathan Williams, demands judgments against Defendant, Sheriff Williams, in his official capacity as Sheriff for the City of Jacksonville, for:

(a) actual and compensatory damages;

(b) an award of attorney's fees and costs; and

(c) any other relief this Court deems just and proper.

### COUNT III
### STATE LAW CLAIM: BATTERY
### (Defendant Williams)

42. Paragraphs 1 through 34 above are realleged and incorporated by reference herein.

43. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §786.28, Fla. Stat. (2014) and §§112.201-112.205, Jacksonville Ordinance Code.

44. Defendant Moeller, an officer of the Jacksonville Sheriff's Office, actually and intentionally struck Plaintiff against his will, without legal justification.

45. Sheriff Williams, having given his officers the authority to use force against Plaintiff, is liable for use of such authority.

46. Plaintiff, as a result of Defendant Moeller's battery and abuse of his authority, suffered severe pain and suffering, physical injuries, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Jonathan Williams, demands judgments against Sheriff Williams in his official capacity as Sheriff for the City of Jacksonville, for:

(a) actual and compensatory damages;

(b) costs; and

(c) any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Jonathan Williams hereby demands trial by jury on all issues so triable.

DATED this 30th day of March 2018.

Respectfully submitted,

*/s/ Jesse C.*

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:   (904) 356-9661
Facsimile:   (904) 356-9667
Email:       sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF

lr[williams.jonathan.complaint]